UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NERINGA PUMPUTYTE, on behalf of herself and all others similarly situated, | ) ) ) | |
| | ) | 16 C 4868 |
| Plaintiff, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| UNITED AIRLINES, INC., | ) ) | |
| Defendant. | ) | |

**M<span>EMORANDUM</span> O<span>PINION AND</span> O<span>RDER</span>**

Lilija Pumputiena brought this suit on behalf of herself, her minor child Neringa Pumputyte, and four putative classes against Deutsche Lufthansa and United Airlines, alleging breach of contract and violation of the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention") in connection with a June 2015 flight from Chicago, Illinois to Brussels, Belgium, and ensuing travel from Brussels to Vilnius, Lithuania. Doc. 7. The court dismissed all claims against Lufthansa and some claims against United. Docs. 37-38 (reported at 2017 WL 66823 (N.D. Ill. Jan. 6, 2017)). Pumputiena filed an amended complaint, Doc. 43, and after United argued that the amendment did not conform to the court's dismissal order, Doc. 45, Pumputyte, no longer a minor and proceeding in her own name, filed a second amended complaint. Doc. 48. United now moves to dismiss parts of the second amended complaint, to strike certain allegations, and to recover its attorney fees. Doc. 50. The motion is granted in part and denied in part.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N.*

1

*Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Pumputyte's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Pumputyte as those materials allow. *See Pierce v. Zoetis*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at this stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

The relevant background is set forth in the court's prior dismissal order, familiarity with which is assumed. 2017 WL 66823 at *1. The operative complaint adds allegations that Pumputyte incurred $1,750 in damages caused by delayed delivery and mishandling of her luggage, which ultimately arrived in a damaged condition. Doc. 48 at ¶¶ 59f, 147, 151. The complaint seeks to certify two classes, which will be called the "8804 Class" and the "General Class," respectively:

> 1. All persons residing in the United States who: (1) had a confirmed reservation and/or boarding passes on UA 8804 operated by United on June 7, 2015 from Chicago to Brussels; (2) incurred actual out-of-pocket compensable economic damages as a direct and proximate result of delayed departure or cancellation of UA 8804 operated by United on June 7, 2015; or (3) incurred actual compensable economic damages as a direct and proximate result of United's efforts or United's failure to mitigate consequences of delayed departure or cancellation of UA 8804 operated by United on June 7, 2015 from Chicago to Brussels; (4) had their flights delayed or cancelled; (5) were not adequately informed by United of the delay or cancellation less than seven days before the scheduled time of departure and were not offered meaningful rerouting, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival; (6) were affected by said delay or cancellation for at least three hours; and (7) did not receive advanced notice

of cancellation of UA 8804 as scheduled to depart from Chicago, Illinois to Brussels on June 7, 2015 ("8804 Class").

2. All persons residing in the United States who: (1) submitted to United a Pre-Suit Notice of Claim for economic damages caused by delayed departure of cancellation of international air flights operated by United to and from the USA since June 7, 2015 until present time; (2) submitted this claim to United pursuant to Art. 22(6) of the Montreal Convention; (3) had such claim denied or rejected by United; or (4) had such claim ignored by United ("the General Class").

*Id*. at ¶ 70 (slightly edited by the court).

The operative complaint sets forth three counts. *Id*. at ¶¶ 93-152. Count I is an individual and 8804 Class claim under Article 19 of the Montreal Convention for damages caused by the delay of UA 8804. Count II is an individual and General Class claim for "breach of duty and failure to meaningfully consider pre-suit notices of claims submitted to defendant per Art. 19 and 22(6) of the Montreal Convention and Failure to Pay for Damages Caused by Delay of Cancellation of International Airfare Pursuant to Article 19 and 22(6) of the Montreal Convention" (slightly edited by the court). Count III is an individual claim for loss and delay of checked baggage under Article 17 (the claim's heading says "Article 19," but the substance places it within Article 17) and Article 22(2) of the Montreal Convention.

**Discussion**

United moves to strike the operative complaint's allegations concerning the General Class, to dismiss Counts II and III, to strike allegations concerning "pre-suit notice of claims" and "voluntarily assumed and self-imposed contractual obligations," to strike allegations seeking the cost of airfare or lost wages, and to recover its attorney fees. Doc. 50 at 2.

**I.      Count II and the General Class**

United moves to dismiss Count II on the ground that the court's prior order dismissed it with prejudice. Doc. 50 at 3-4. Count II alleges that United breached its voluntarily assumed

3

duty to settle disputes prior to a passenger suing. Doc. 48 at ¶¶ 116-142. For the reasons given in the court's prior opinion, that duty does not exist. 2017 WL 66823 at *6. Indeed, Pumputyte concedes that the claim fails as a matter of law. Doc. 57 at 9. Count II accordingly is dismissed, and along with it the General Class allegations.

United also moves to strike any reference to "voluntarily assumed and self-imposed contractual obligations" and "pre-suit notice of claims." Doc. 50 at 5. United is correct that many of the operative complaint's allegations pertaining to those terms do not go beyond the legal theory underlying Count II. Accordingly, the court strikes the allegations referencing those terms in support of the dismissed legal theory, Doc. 48 at ¶¶ 15, 16, 80d, 80g-i, and 98, as well as the request for relief in Count I to the extent it references either term.

## II.  Count III

United moves to dismiss Count III as duplicative of Count I. *Id*. at 4. Duplicative claims are subject to dismissal, as the court noted in its prior opinion. 2017 WL 66823 at *6-7. However, dismissal is not appropriate here.

Count III includes a claim under Article 17 of the Montreal Convention for damage to Pumputyte's baggage. Doc. 48 at ¶ 145. Article 17 states in relevant part:

> The carrier is liable for damage sustained in case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier.

Montreal Convention, Art. 17. Count I includes a claim under Article 19 for damages occasioned by the flight delay. Those are two distinct injuries.

United argues that Pumputyte's Article 17 claim is really just a disguised Article 19 claim because the delay of Pumputyte's baggage caused damage only to the extent that she was required to purchase replacement items while the baggage was delayed. Doc. 59 at 3. That is

4

not quite right, however, as Pumputyte alleges actual damage to her property—specifically, that when she finally received her baggage, it was in "partially damaged" condition, Doc. 48 at ¶ 147, and that it was "looted and damaged," *id*. at ¶ 151. Those factual allegations are sufficient to state a claim under Article 17, and thus Count III is not duplicative of Count I.

### III. Airfare and Lost Wages

United also moves to dismiss or strike any allegations relating to cost of airfare or lost wages. Doc. 50 at 5. Pumputyte did not respond to this argument, thus forfeiting the point. *See Firestone Financial Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss."); *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720-21 (7th Cir. 2011) (finding arguments forfeited where the plaintiff responded only to one asserted basis for dismissal while ignoring the others). The court thus grants the motion to strike the complaint's reference to cost of airfare, Doc. 48 at ¶ 94. The only reference to lost wages is in Count II (*id*. at ¶ 138), which has been dismissed in its entirety, so there is no need to separately strike that reference.

### IV. Attorney Fees

United's motion seeks the attorney fees incurred in pursuing this motion. Doc. 50 at 2. United premises its request on Rule 54. *Ibid*. However, Rule 54 governs fee awards in connection with a judgment, and no judgment has been entered here. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii) (stating that a motion for fees under Rule 54 must "specify the *judgment*" that is the basis for the motion) (emphasis added). The appropriate avenues to request fees at this stage are Rule 11, the court's inherent authority, and/or 28 U.S.C. § 1927. *See Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 47-50 (1991). If United wishes to seek the attorney fees that it incurred in filing this motion, it should do so via a separate motion, either to satisfy the requirements of Rule 11 or to offer a separate basis for sanctions. *See Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999) ("Rule 11(c)(1)(A) requires that … the motion for sanctions must be made 'separately from other motions or requests and must describe the specific conduct alleged to violate subdivision (b).' Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion.") (citation and brackets omitted).

**Conclusion**

United's motion to dismiss and strike is granted in part and denied in part. Count II is dismissed, and the operative complaint's allegations regarding "voluntarily assumed and self-imposed contractual obligations," "pre-suit notice of claims," and the cost of airfare (Doc. 48 at ¶¶ 15, 16, 80d, 80g-i, 94, 98, and part of the request for relief in Count I) are stricken. The dismissal and the strikes are with prejudice; Pumputyte has already had multiple opportunities to amend the complaint, and the defects cannot be remedied by amendment. United's motion to dismiss Count III and for attorney fees is denied.

May 23, 2017

United States District Judge